<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CITY OF JERSEY CITY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 14-3286 SDW-LDW |
| | : | |
| v. | : | |
| | : | **OPINION** |
| THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY; THE PORT AUTHORITY TRANS-HUDSON CORPORATION, | : : : | November 9, 2015 |
| | : | |
| Defendants. | : | |

**WIGENTON**, District Judge.

Before this Court is a Motion to Dismiss Counts Seven and Nine of the Amended Complaint filed by defendants, the Port Authority of New York and New Jersey and the Port Authority Trans-Hudson Corporation ("PATH") (collectively, the "Port Authority" or "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6).

Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. For the reasons stated herein, Defendants' Motion to Dismiss Counts Seven and Nine is **GRANTED**.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, City of Jersey City ("Jersey City" or "Plaintiff"), is a municipal corporation of the State of New Jersey with its principal place of business in Jersey City, New Jersey. (Am.

1

Compl. ¶ 7.) Defendant, the Port Authority of New York and New Jersey, is a Bi-State agency of the States of New York and New Jersey created by a Compact approved by Congress with its principal place of business in New York. (*Id.* ¶ 8.) Defendant, the Port Authority Trans-Hudson Corporation ("PATH") is a wholly owned subsidiary of the Port Authority of New York and New Jersey with its principal place of business in Jersey City, New Jersey. (*Id.* ¶ 9.)

The Port Authority owns approximately forty properties in Jersey City. (Am. Compl. ¶ 10, Ex. A.) According to Jersey City, the Port Authority owns ten vacant properties in Jersey City. (*Id.* ¶ 216.) While it allegedly does not pay real estate taxes on any of these properties, it entered into payment in lieu of taxes agreements ("PILOT agreements") with respect to seven of the properties. (*Id.* ¶¶ 10–11, Ex. A.) Jersey City alleges that the Port Authority has entered into PILOT agreements with other municipalities, including Newark, Elizabeth, Bayonne, and New York City. (Am. Compl. ¶¶ 196–99.) As a result, Jersey City is seeking "to conduct a full-scale investigation and accounting of the current uses of each of the properties owned by the Port Authority in [Jersey City] in order to ascertain which properties should continue to remain under its control and which should be disgorged." (*Id.* ¶ 222.)

On May 22, 2014, Jersey City filed its original complaint against the Port Authority. (Dkt. No. 1.) The Port Authority filed a motion to dismiss on December 5, 2014. (Dkt. No. 18.) On February 18, 2015, this Court held oral argument and granted the Port Authority's motion to dismiss with respect to Counts Seven and Nine, without prejudice. (Dkt. No. 27.) On April 1, 2015, Jersey City filed its First Amended Complaint. (Dkt. No. 39.) On May 1, 2015, the Port Authority filed the instant motion to dismiss Counts Seven and Nine of the amended complaint. (Dkt. No. 42.)

**LEGAL STANDARD**

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. IImbly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

**DISCUSSION**

*Count Seven: Estoppel*

3

To establish an equitable estoppel claim, the plaintiff must show that "[1] the alleged conduct was done, or representation was made, intentionally or under such circumstances that it was both natural and probable that it would induce action. [2] Further, the conduct must be relied on, and [3] the relying party must act so as to change his or her position to his or her detriment." *Miller v. Miller*, 97 N.J. 154, 163 (1984).

In Count Seven, Jersey City claims that the Port Authority is estopped from adhering to the statutory "cap," which limits PILOT payments to the amount last paid in taxes when the property was acquired by the Port Authority.[1] (Am. Compl. ¶195.)  The gravamen of Jersey City's claim is that because the Port Authority entered into "lucrative" PILOT agreements with other municipalities, the Port Authority is estopped from *not* entering into similar PILOT agreements with Jersey City. (Am. Compl. ¶ 200; Pl.'s Opp. 12.)

---

[1] The Port Authority primarily relies on the following statutory provision:

> The port authority **shall be required to pay no taxes or assessments** upon any of the property acquired or used by it for any of the purposes of this act …. However, to the end that no municipality shall suffer undue loss of taxes and assessments by reason of the acquisition and ownership of property by the port authority for any of the purposes of this act, the port authority is hereby authorized and empowered, *in its discretion*, to enter into a *voluntary agreement* or agreements with any municipality whereby the port authority will undertake to pay in lieu of taxes a fair and reasonable sum or sums annually in connection with any real property acquired and owned by the port authority for any of the purposes of this act. Such sums in connection with any real property acquired and owned by the port authority for any of the purposes of this act *shall not be more than the sum last paid as taxes upon such real property prior to the time of its acquisition by the port authority*.

N.J.S.A. 32:1-35.60 (emphasis added).

Jersey City's Complaint fails to sufficiently plead the necessary elements of estoppel.  First, the only facts relating to the Port Authority's conduct or representation involve the Port Authority's PILOT agreements with other municipalities. (Am. Compl. ¶¶ 194–200.)  However, Jersey City does not allege what action they were induced to take as a result of these agreements.  Second, Jersey City fails to show that it relied on any of the PILOT agreements between the Port Authority and the other municipalities.  Indeed, Jersey City fails to allege that it was even aware of the Port Authority's agreements with the other municipalities at the time Jersey City entered into its own agreements with the Port Authority.  Furthermore, Jersey City fails to plead facts with respect to the detriment suffered as a result of its alleged reliance.  Jersey City's mere claim that the Port Authority had lucrative contracts with other municipalities is not a basis for estoppel.  Accordingly, Count Seven is dismissed.

*Count Nine: "Wholesale Aggrandizement"*

In Count Nine, Jersey City alleges that the Port Authority engaged in "wholesale aggrandizement" of properties in Jersey City by "amassing more than three dozen properties in the City, many of which are vacant and unused and have been so for years," and should therefore be required to "disgorge all properties not . . . used for a statutorily authorized purpose." (Am. Compl. ¶¶ 213-15.)

In support of its claim, Jersey City relies on *Aviation Services, Inc. v. Board of Adjustment of Hanover Twp.*, 20 N.J. 275 (1956) for the proposition that wholesale aggrandizement is a recognized cause of action. (Am. Compl. ¶ 214.)  However, the *Aviation* court was concerned with whether an airport owned by Morristown but located in Hanover was subject to Hanover's zoning regulations.  In *Aviation*, the court clarified:

> Our holding in this case is not to be considered as giving judicial recognition
> or impetus to a program of wholesale aggrandizement of territory. The

5

>authority bestowed upon municipalities to establish and maintain public airport facilities must be reasonably exercised in response to the public need, both present and that fairly to be anticipated.

*Aviation*, 20 N.J. at 285. Thus, the *Aviation* court did not recognize a cause of action for "wholesale aggrandizement."[2]

Additionally, Jersey City cites to *New Jersey Turnpike Authority v. Washington Twp., Mercer County*, 16 N.J. 38 (1954), which also did not to recognize a claim for wholesale aggrandizement. That case involved whether the Turnpike Authority had an "unlimited right to tax exemption, including even such property as is not used as part of the turnpike project." *Id.* at 42. It did not discuss "wholesale aggrandizement" or the disgorgement of property, the relief sought by Jersey City. (Am. Compl. ¶ 213.) Because this Court finds that "wholesale aggrandizement" is not a legally cognizable claim, Count Nine is dismissed.

**CONCLUSION**

For the reasons stated above, this Court **GRANTS** Defendants' Motion to Dismiss Counts Seven and Nine of the Amended Complaint.

s/ Susan D. Wigenton, U.S.D.J.

Orig:       Clerk
cc:        Parties
            Leda D. Wettre, U.S.M.J.

---

[2] Jersey City also cites to *Town of Morristown v. Hanover Twp.*, 168 N.J. Super. 292 (1979) and *Hanover Twp. v. Town of Morristown*, 108 N.J. Super. 461 (Ch. Div. 1969) to support its claim for "wholesale aggrandizement." However, these cases arise from the same facts, issues and parties as *Aviation Services, Inc. v. Board of Adjustment of Hanover Twp.*, 20 N.J. 275 (1956). These cases all deal with immunity for airports from zoning laws. As such, reference to progeny cases is equally unpersuasive.